Dewey, J.
Pope brought an action on the case against Steel for maliciously causing his arrest on a false charge of his having usurped the office of a constable. The declaration alleges that the arrest was 'made by virtue of a warrant issued by justice Shoemaker; and that the plaintiff was carried before one justice PLelm for examination, who. acquitted him, &c. The cause went to trial on the general issue; verdict and judgment for the plaintiff.
There was a special plea, a demurrer to which was correctly sustained.
On the trial, the plaintiff offered in evidence a copy of the warrant issued by justice Shoemaker, authenticated in the following manner: “ I do hereby certify the above to be a true copy of a State warrant against Joel W. Pope, now on file in my office.” The certificate was under the hand and seal of justice Helm. The defendant objected to its admission, but the objection was overruled, and the copy read to the jury.
Tt is contended by the appellant, that the copy was secondary evidence, and inadmissible without accounting for the ab *188 sence of the original warrant; and also that it was not legally authenticated.
J. Smith, for the appellant.
C. H. Test, for the appellee
Copies of “ the proceedings and judgments ” of justices of the peace are legal evidence, if certified to be “true and complete” under the hands' and seals of those before whom they took place, or of those who may have the legal custody of them. R. Stat., 1838, p. 274. Process issued by a justice of the peace, and regularly returned, is within the spirit, if not the letter, of this provision. There is equal reason for making the copies of such process, and of judgments, evidence. The originals of neither can be removed from the usual place of keeping them without public inconvenience.
The copy of the warrant produced and given in evidence in this cause was sufficiently authenticated. The law allows a person, charged with a crime, to be arrested by process issued by one justice, and to be taken before another for examination or trial. R. Stat., 1838, p. 360. When this is done, the latter justice is the proper keeper of the process. The certificate of justice Helm, that the warrant in question was on file in hie office, is prima facie evidence that it was *legally in his custody. He was therefore, by the statute, the proper person to authenticate it; and his certificate, that the copy was a “true” one, was sufficient without adding “com píete.” It could not be a true, without being a complete copj of the warrant.
Per Curiam.—The judgment is affirmed, with 5 per cent. damages and costs.